## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2015, 10:21 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrenceburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl M. Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles J. Davis, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 30, 2015<br><br>Court of Appeals Case No.<br>16A01-1411-CR-480<br><br>Appeal from the Decatur Circuit Court<br><br>The Honorable Timothy B. Day, Judge<br><br>Case No. 16C01-1405-CM-379 |

**Vaidik, Chief Judge.**

## Case Summary

[1]     Charles J. Davis, Jr., was convicted in a bench trial of resisting law enforcement as a Class A misdemeanor.  He now appeals and argues that the evidence is

insufficient to support his conviction. We find sufficient evidence to support Davis's conviction because a complete review of the transcript reveals that Davis intentionally fled from a police officer after the officer identified himself and ordered Davis to stop. We therefore affirm the trial court.

## Facts and Procedural History

On May 28, 2014, Greensburg Police Department Officers Jarod McCalvin and Jordan Craig went to a mobile home to execute a search warrant. While Officer McCalvin knocked loudly at the front door and announced that he was from the Greensburg Police Department and had a search warrant, Officer Craig stood at the corner of the home with his dog to help in the capture of suspects. After Davis crawled out a window and landed on the ground, Officer Craig announced "police canine" and ordered Davis to stop. Tr. p. 43. When Davis failed to comply with the officer's command, Officer Craig again ordered him to stop and threated to release his dog. Davis stopped after the second order. A trial court convicted Davis of resisting law enforcement, and Davis appeals.

## Discussion and Decision

Davis argues that there is insufficient evidence to support his conviction for resisting law enforcement, a Class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Gorman v. State*, 968 N.E.2d

845, 847 (Ind. Ct. App. 2012), *trans. denied.* We consider only the probative evidence and the reasonable inferences therefrom that support the conviction. *Id.* We will affirm if the probative evidence and reasonable inferences from that evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[4] To convict Davis of Class A misdemeanor resisting law enforcement, the State had to prove that Davis knowingly or intentionally fled from Officer Craig after the officer identified himself by visible or audible means and ordered Davis to stop. *See* Ind. Code § 35-44.1-3-1; Appellant's App. p. 4. In addition, the order to stop had to rest on probable cause or reasonable suspicion. *Gaddie v. State*, 10 N.E.3d 1249, 1255 (Ind. 2014).

[5] Here, Davis argues that the "State did not present substantial evidence of probative value to show he fled from a police officer." Appellant's Br. p. 4. In support of his argument, Davis points to an excerpt from the transcript where Officer Craig testified that he ordered Davis to stop one time. Tr. p. 44. However, we agree with the State that Davis has taken this testimony out of context. Specifically, "[t]his testimony is directed to the subject of time at which [Davis] chose to stop. It is not directed to the subject of whether [Davis] had disregarded [a prior] order to stop." Appellee's Br. p. 4.

[6] A complete review of the transcript reveals that Officer Craig identified himself as a law-enforcement officer and ordered Davis to stop by audible means. Davis, however, continued to flee from the officer. Officer Craig ordered Davis

to stop a second time and threatened to release his dog. It was only after Officer Craig's second order that Davis stopped. Tr. p. 47-48. This evidence is sufficient to support Davis's conviction of resisting law enforcement as a Class A misdemeanor.[1]

Affirmed.

Kirsch, J., and Bradford, J., concur.

---

[1] Davis's argument that he did not hear the first order to stop is an invitation for us to reweigh the evidence, which we cannot and will not do. *See Gorman*, 968 N.E.2d at 847.